UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| EZEKIEL LENOR DAVIS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. CIV-17-902-HE |
| CORECIVIC et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ezekiel Lenor Davis is a state prisoner appearing pro se in this 42 U.S.C. § 1983 civil rights action. Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. For the following reasons, it is recommended that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) be denied and that this conditionally filed action be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within 21 days from the date of any order adopting this Report and Recommendation.

*I.    Background*

Plaintiff is currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. Plaintiff was previously incarcerated at Cimarron Correctional Facility ("CCF") in Cushing, Oklahoma, a private facility operated by Core Civic. Related to events that occurred in September of 2013 when he was housed at CCF, Plaintiff asserts claims against Core Civic and various CCF employees. *See* Compl. (Doc. No. 1) at 5-8.

## II. The Prison Litigation Reform Act

Prisoners who wish "to bring a civil action . . . without prepayment of fees or security therefor" must seek leave to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act ("PLRA") and are subject to the "three-strikes" rule of 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(a)(2), (g).

The three-strikes rule provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). In the absence of imminent physical danger, this statutory provision "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal quotation marks omitted); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015).

## III. Plaintiff's Prior Occasions

In March 2017, the Tenth Circuit Court of Appeals in a separate action found that Plaintiff "has accumulated at least three 'prior occasions' pursuant to 28 U.S.C. § 1915(g)." *Davis v. Martin*, No. 17-6060 (10th Cir. Mar. 15, 2017) (order to show cause regarding *in forma pauperis* application) (first citing *Davis v. Moles*, No. 4:02-cv-110-trb-PJC (N.D. Okla.); then citing *Davis v. Jones*, No. CIV-04-819-HE (W.D. Okla.); and then citing *Davis v. Ward*, No. CIV-05-588-HE (W.D. Okla.)). Upon review of the materials before the

Court, the undersigned agrees that Plaintiff has acquired at least three strikes for the purpose of 28 U.S.C. § 1915(g).

IV. *Application of 28 U.S.C. § 1915(g)*

Because Plaintiff acquired three strikes prior to filing this lawsuit on August 16, 2017, Plaintiff is not entitled to proceed *in forma pauperis* absent a showing that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Davis v. Martin*, No. 17-6060 (10th Cir. Mar. 15, 2017) (order to show cause at p. 2); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011).

In contrast to at least one of his prior lawsuits, Plaintiff does not expressly claim that he meets the "imminent danger" statutory exception. *See* Compl. at 10-22; *see also* Doc. No. 2; *Davis v. Geo Grp. Corr., Inc.*, No. 17-6059, 2017 WL 2260944, at *2 (10th Cir. May 23, 2017). Nevertheless, the undersigned has considered whether Plaintiff's allegations in support of his claims are sufficient to facially establish application of the imminent-danger exception.

In *Davis*, 2017 WL 2260944, at *3, the Tenth Circuit concluded that Plaintiff had pled an imminent danger of suffering serious physical harm when the facts he alleged credibly described a repeated failure to adequately treat a diagnosed condition (which presented as "substantial and chronic" back pain) and included an allegation that a specific defendant had directed the prison's doctor not to refer Plaintiff to a specialist. Here, however, Plaintiff fails to make such "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted).

3

As a threshold matter, Plaintiff's claims of wrongdoing are directed at individuals who were CCF officials when the relevant events took place in September 2013 and at Defendant Core Civic's failures with respect to living conditions at CCF. *See* Compl. at 10, 12, 13, 14-22. But Plaintiff is no longer housed at CCF, and there is no indication from the record that he is subject to "imminent" return to that facility. Further, "[s]everal of [his] arguments do not involve physical injury," and his pleading shows that he did receive medical care at CCF despite his desire on one occasion to see a doctor rather than a nurse. *Lynn v. McCurrie*, No. 17-3041-JTM-DJW, 2017 WL 3038264, at *2 (D. Kan. July 17, 2017) (denying *in forma pauperis* status to a three-strike litigant); *see* Compl. at 16. Plaintiff's claims are founded upon long-past events, including a 2013 encounter with a cellmate that was ignored by CCF staff (Compl. at 10, 14-15) and a 2013 incident where a CCF official knocked him to the ground (*id.* at 11-12, 15-16), that do not suggest a reasonable possibility of "imminent danger." Plaintiff further alleges: that he has dizziness, headaches, and eye sensitivity; that his wrist, back, and neck "hurt"; and that he is unable to "sleep, set or stand for long periods of time"; and that he "would like to see a[n] outside doctor." *Id.* at 17. But he does not allege that he has sought or been denied treatment at his current facility for these issues, and such "[v]ague" assertions are insufficient to show imminent "serious physical injury." *Stine v. U.S. Bureau of Fed. Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012) (internal quotation marks omitted); 28 U.S.C. § 1915(g); *see also Stine*, 465 F. App'x at 793 ("[A]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." (internal quotation marks omitted)).

The undersigned finds that Plaintiff has not shown that his Application should not be denied pursuant to the three-strikes provision of § 1915(g).

## RECOMMENDATION

Based upon the foregoing findings, the undersigned recommends that the District Judge:

(i) deny Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2);

(ii) order Plaintiff to pay the $400.00 filing fee owed within twenty-one (21) days of any order adopting this Report and Recommendation, *see* 28 U.S.C. § 1915(g); LCvR 3.3(e); and

(iii) dismiss this action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within twenty-one (21) days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 27, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 6th day of September, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE