# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL LENOR DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-0902-HE |
| | ) | |
| CORECIVIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Ezekiel Lenor Davis, a state prisoner appearing *pro se,* filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He also filed a motion seeking leave to proceed *in forma pauperis* ("*ifp*"). Pursuant to 28 U.S.C. §636, the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin, who recommended that plaintiff's motion to proceed *ifp* be denied and that the action be dismissed unless plaintiff pays the full filing fee within 21 days of any order adopting the Report and Recommendation.

The magistrate judge reached that conclusion because plaintiff has filed three actions while incarcerated that have been dismissed on the grounds that they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Under the Prison Litigation Reform Act's "three strike" rule, *id*., plaintiff is barred from proceeding *ifp* in further civil actions unless he shows he is "under imminent danger of serious physical injury." *Id.* Although plaintiff did not expressly claim that he met the "imminent danger" exception in either the complaint or *ifp* application, the magistrate judge proceeded to consider whether plaintiff's allegations stated in support of his claims

are sufficient to satisfy the imminent and serious danger requirement of § 1915(g). He concluded they are not because plaintiff's claims in this action are not based on recent/current events. Rather, that are based on events that allegedly occurred and medical treatment he allegedly received in 2013. Plaintiff filed an objection to the Report and Recommendation and another application for leave to proceed *ifp*.

To satisfy the imminent danger requirement, plaintiff must demonstrate a nexus between the claims he seeks to pursue in this action and the "imminent danger" he alleges. Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009); Ball v. Hummel, 577 Fed. Appx. 96 n.1 (3d Cir. 2014). That he has not done. He has made the required showing in another action, Davis v. GEO Grp. Corr., Inc., CIV-16-462-HE (W.D. Okla. May 4, 2016), in which he alleges he is being denied adequate medical treatment for back and neck pain and will continue to suffer debilitating back pain unless he receives certain treatment. *See* Davis v. GEO Grp. Corr., Inc., 2017 WL 2260944, at *3 (10th Cir. May 23, 2017). However, a showing by a plaintiff in one case that he or she is in imminent danger of suffering serious physical harm does not mean that the plaintiff automatically meets the "imminent danger" requirement in every case he or she has filed. *See* Pettus, 554 F.3d at 297 ("Under the amicus's proposed reading of the statute, however, an indigent prisoner with a history of filing frivolous complaints could, by merely alleging an imminent danger, file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy.").

It also does not matter that the neck and back pain for which plaintiff seeks treatment in GEO Grp. Corr., allegedly was caused by the conduct of the defendants in this action.

That is not the "nexus" that is required. As the court explained in Pettus, the "unmistakable purpose" of § 1915(g) "is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger." Pettus, 554 F.3d at 297. If plaintiff prevailed in this lawsuit he would not obtain the assistance needed to resolve the medical needs he complains of in GEO Grp. Corr., which were the basis for the Tenth Circuit's conclusion that plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See* Pettus, 554 F.3d at 298–99 ("In determining whether three-strikes litigant reveals a nexus between the imminent danger he alleges and the claims he asserts, the court considers (1) whether the alleged imminent danger of serious physical injury "is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." ) (emphasis added).

Because plaintiff has accrued three strikes, he "must make 'specific, credible allegations of imminent danger of serious physical harm.'" GEO Grp. Corr., 2017 WL 2260944, at *2 (quoting Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)). And there must be a nexus between the imminent danger and the claims alleged in the complaint. Plaintiff has not made the required showing. And it is evident that it cannot be made so that leave to amend would be futile.

Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Goodwin and denies plaintiff's applications for leave to proceed *ifp* [Doc. Nos. 2,

8].  Plaintiff is directed to pay the $400.00 filing fee by **October 18, 2017**.  Failure to pay the filing fee by the date will result in the dismissal of this action without prejudice.[1]

**IT IS SO ORDERED**.

Dated this 26th day of September, 2017.

*[signature]*
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[1] *The court notes that, after it denied plaintiff's motion for relief from judgment in* Davis v. Corrections Corp. of America, *CIV-13-1174-HE (W.D. Okla. July 11, 2017), plaintiff filed this action.  Because it is essentially identical to the earlier filed lawsuit, plaintiff's claims probably are subject to claim and issue preclusion.*